### RENO *v.* CRANE.

*Held*, that an entry in the partnership books, by one of the partners in the business of a saw-mill, charging himself with a boat which he had built at the mill,—might be introduced by him as evidence, *inter alia*, to prove the boat to be his individual property.

ERROR to the *Jackson* Circuit Court.

HOLMAN, J.—Replevin by *Reno* for a boat. The defendant pleaded property in himself. Verdict and judgment for defendant. A bill of exceptions shows, that the defendant proved by several witnesses, that he built the boat at *Fischli's* mills;

28

and that while he was building it, he frequently declared that he was building it for himself; that the materials for the boat were sawed at said mills; and that the boat was finished in *December*, 1826. The plaintiff proved, that the defendant and *Fischli* were partners in the mills at the time the boat was built; and that the partnership extended to all the business that was transacted at the mills; that the partnership expired on the 1st of *January*, 1827; about which time the defendant removed from the mills, leaving the boat on the premises in the care of his agent; that *Fischli*, the other partner, came into the sole possession of the premises directly after the defendant removed, and sold the boat to the plaintiff in *January*, 1827, for the sum of 50 dollars. The defendant then offered to read from a book, said to be the account book of *Fischli* and *Crane*, and endorsed ledger No. 1, a charge entered in said book in his own hand-writing, dated the 28th of *December*, 1826, charging himself with the said boat at 60 dollars, after proving by one witness, (who examined the said book and found an account against himself,) that he believed the book to be the account book of *Fischli* and *Crane;* and by another, that the book was principally made out by him in his hand-writing; that in *May*, 1826, at defendant's request, he made out part of the book and finished the residue, so far as was done by him, in the ensuing *December;* that it was a copy of the original book of entries of *Fischli* and *Crane*, and was selected from day-books, blotters, and documents, some of which were in *Fischli's* hand-writing, and was an exposition of the whole concern. The plaintiff objected to the reading of the entry from the book; but the Circuit Court admitted it in evidence to the jury; to which the plaintiff took his exceptions.

The defendant, it seems, was the active partner in this firm, and transacted the principal part of the business, and kept the entire account; and any thing that he in good faith purchased of the partnership property, became exclusively his. The entry of the purchase of the boat in the partnership books, though in his own hand-writing, might be introduced, among other circumstances, to show that the boat was his, although built as the joint property of the firm. The evidence relative to the book, strongly conduces to show that it was the true account book of the firm; and as the bill of exceptions nowhere states that the

whole of the evidence is set forth, the presumption is conclusive in favour of the opinion of the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*Howk*, for the plaintiff.

*Nelson* and *Farnham*, for the defendant.