Brooke, P.
delivered the resolution of the court. It is now the settled rule, where' the witness to an instrument is dead, and it is impracticable, after all possible diligence has been used, to prove his hand writing, to admit proof of the hand writing of the party himself. (See Gilliam’s adm’r. v. Perkinson’s adm’r. and the cases there cited). But upon this bill of exceptions, it is difficult to say on what ground the evidence was rejected by the court. There is a great want of precision in its language. The judge said, that under the statement made hy the counsel for Raines (who, it seems, had proved, that the witness was dead) he could not be allowed to go into evidence to prove the hand writing of the supposed obligor. If we are to understand, that he admitted the truth of the statement, if it is to be inferred, from the circumstance that the counsel had proved the death of the witness (it is to be presumed on oath), that he made the statement in question, in like manner (that is, on oath); then the judge might be understood as denying the rule before stated. On the contrary, if the fact was, that it was a mere statement not on oath, his objection was, that the facts necessary to entitle the plaintiff to go into evidence of the hand writing of the obligor, were not proved. But, whether he considered the statement as proved, and denied the rule, or admitted the rule, and objected to the statement because it was not proved, is so doubtful, that we think the safest course will be to reverse the judgment, as the court has often done for uncertainty in a' bill of exceptions, and send the cause back for a new trial, in which, if the question again occurs, the objection to the admission of proof of the hand writing of the obligor, may be more precisely stated.
Judgment reversed.