Carr, J.
The question is not as to the sufficiency or weight of the evidence, but as to its admissibility; and if under any circumstances which could exist in the cause, this evidence was admissible on the issue joined, the judgement of the courts below must be supported. Suppose, for instance, the plaintiff had introduced the subscribing witness to prove the execution of the bond, and her character was assailed, or facts and circumstances adduced tending to discredit her evidence; would not the plaintiff have a right to resort to circumstantial evidence to corroborate and support her? This cannot be denied. But the question is, what latitude might he take ? The writers on the subject say, “ that all facts and circumstances, upon which any reasonable presumption or inference can be founded, as to the truth or falsity of the issue, or disputed fact, are admissible in evidence.” Stark. Law Ev. part 1. § 7. vol. 1. p. 17.* The disputed fact here, was, whether the defendant had *3 executed the bond for the 200 dollars ? And the subscribing witness having been examined as to that fact, it was sought to corroborate her evidence, by proving various acknowledgmeats of the defendant that he had borrowed, or owed sums of money to the plaintiff: and the question is, would these acknowledgments furnish any reasonable ground of inference or presumption as to the truth of the disputed fact ? To my mind, they might go to found very strong presumptions of the truth of the fact in issue. The objection to their introduction is, that “ they do not go to prove the execution of the bond :” but this would exclude all presumptive and circumstantial evidence, which we know is always resorted to when necessary to strengthen and support the direct and positive proof. I think, then, that the opinion of the county court was correct, and that the judgement ought to be affirmed.
Tucker, P. I am of opinion, that the bill of exceptions in this case, is too imperfect to enable the court to decide, whether the evidence admitted by the county court was legal or otherwise. The issue made up in the cause was on the plea of non est factum, and no evidence was proper or admissible, which did not go to sustain that issue. The proof objected to was the testimony of witnesses “ to prove various acknowledgments on the part of the defendant, of sums of money which he had borrowed from or owed to the plaintiff.” Now, the obligation being made part of the record by oyer, the court perceives there was a subscribing witness. The proof of the execution of the bond can only be by the subscribing witness, where there is one, unless the failure to produce him is sufficiently accounted for. The secondary evidence even of handwriting, is not admissible till this is done; much less the more vague and uncertain evidence of acknowledgments of debt. These principles are too familiar to require authority for their support. Unless, therefore, something is shewn to justify the introduction of this testimony, it was improperly admitted. If the sub *4 scribing witness had been examined, and this evidence was ^ introduced to sustain her credit, it would have been proper evidence. But this does not certainly appear. The testimony was introduced to sustain the testimony of Mrs. Burk, but whether this was Sophia Burk the subscribing witness or not, does not appear; nor does it certainly appear, that Mrs. Burk, even if she was the subscribing witness, had testified to the execution of the bond. In this, indeed, there is something equivocal in the bill of exceptions. It is there said, that the plaintiff “introduced testimony to prove various acknowledgments by the defendant, that he had borrowed money, or owed money to the plaintiff, said to be in corroboration of the testimony of Mrs. Burk—hut none of which testimony went to prove the execution of the note.” I understand these words not as applying to Mrs. Burk’s testimony, but to the corroborating testimony. I think the counsel for the appellant understood it otherwise. According to my understanding, then, it is not denied that Mrs. Burk’s testimony went to the execution of the note. If it did, and if she was the subscribing witness, then the corroborating testimony was proper; otherwise, it was not. In this state of uncertainty, the court cannot pronounce any definitive opinion, but must send the cause back for a new trial, when, it is hoped, if the question is again insisted on, a more perfect bill of exceptions will be filed. Raines v. Philips’s ex'or, 1 Leigh, 483. Thompson v. Cumming, 2 Leigh, 321. The case might have been differed if the depositions of Sophia Burk were before us. But they are no part of the record. The clerk’s certificate that they were read and filed, cannot be received as evidence of that fact; for the appellate court never can know what took place at the trial from the clerk’s certificate. That is not within his province. Cunningham v. Mitchell, 4 Rand. 192. The evidence produced upon the trial can only be known by its being spread upon the record, by bill of exceptions, or by the certificate of the judge himself. The very object of the institution of bills of exceptions, was to enable a party *5 lo spread upon the record the matters that occurred at the . , . . . -ill* • trial 5 the improper evidence introduced, the instructions asked, the opinions given, and other matters of which the party could not otherwise avail himself in an appellate court. 1 Bac. Abr. 527. 2 Inst. 426. Unless this is done,, the court sees nothing but the process, the pleadings, the verdict and the judgement. The certificate of counsel affords no evidence of opinions expressed, or evidence given, nor the certificate of the clerk, of the papers produced before the jury, or the depositions read in the cause.

 Ingraham’s edi. Boston 1828.