**JOHNSON**, Survivor, *versus* **BALLEW**, Adm'r.

A bill of exceptions must show affirmatively the existence of the error, of which a party complains, and the appellate Court will not presume facts which do not appear.

When there is no ambiguity apparent on the face of an instrument—nor any intimation given of a disclosure of *a latent ambiguity*, the refusal of an inferior Court, to admit parol testimony to explain such instrument, is not error.

It is not competent for a witness to give testimony as to *Whether, a particular language used was calculated to produce fear in the mind of one, so as to induce him to execute a paper. What that language was,* must be submitted to the jury, from which their own inferences are to be drawn.

THIS case was brought into the Supreme Court by writ of error from the Circuit Court of Morgan. It

was an action of assumpsit, commenced by the intestate of the defendant in error, to recover for work and labor, performed for the plaintiff here, and his deceased partner. The account rendered against the plaintiff in error, was acknowledged in writing, by Johnson, to be correct, both as to prices and the execution of the work. A verdict and judgment were rendered for the defendant in error, and by a bill of exceptions the case was brought to this Court for revision.

S. PARSONS, for Plaintiff—contended, that there was error in the judgment below.

1st. Because the acknowledgment was not proved by the subscribing witness.

2d. Because the Court rejected evidence that the acknowledgment was obtained by duress.

If the Court had admitted the evidence of duress, *as offered*, the same could have been perfected, if incomplete, by other testimony.

Duress may be given in evidence under the general issue.—1 *Chitty's Pl.* 470.

CRAIGHEAD, *contra*, said—It did not appear from the bill of exceptions, but that the acknowledgment was proved, and the items established.

A bill of exceptions does not necessarily show all the testimony, and it was the business of the party excepting, to show, that the hand-writing of Johnson was not proved.

As to the duress, the party offered to prove what was the *opinion* of the witness, in respect to the language used, which was surely inadmissible.

The doctrine of duress requires, that the language or conduct should be such as would put a man of ordinary courage in fear; and the mere opinion of the

witness that the language used *might excite fear*, was properly rejected.—1 *Black.* 131.

By Mr. Chief-Justice SAFFOLD:

Colley, in his life time, instituted an action of assumpsit against Johnson, as surviving partner of Moseley, and said Johnson, to recover an account against them for more than nine hundred dollars, for work and labor done and performed. Colley having died pending the suit, it was further prosecuted by Ballew, as his administrator, and being tried in the Circuit Court, on the general issue, a recovery was had against the surviving partner, from which he prosecutes this writ of error. The questions for consideration, arise on a bill of exceptions. The first of which, according to the assignments of error, is—

Was the account and acknowledgment, signed by Johnson, admissible as evidence?

The account in question appears to have been regularly stated, charging William Moseley and Harmon A. Johnson as debtors to Gabriel Colley. The account contains the various items, with the price of each, amounting to nine hundred and ninety one dollars and twenty cents; to which is subjoined the following: "I acknowledge that the above items of work were done by Mr. Gabriel Colley; and further, believe that the price annexed to each item, is correct, as to myself individually."—Signed H. A. Johnson—dated and attested. To the introduction of this evidence, the defendant objected; but the Court admitted it.

The main objection now urged against it, is, that it was admitted without proof of the hand-writing of the defendant. It is found true, as contended in argument, that this fact does not appear, nor is it to be presumed. The bill of exceptions does not purport to contain all the evidence, and this exception is not

shown to have been taken below. The party except-
ing, is required to show affirmatively the existence
of the error, of which he complains. The objection
relied upon below, may have been entirely different;
and something in which the plaintiff in error now has
not sufficient confidence to bring it to the notice of
the Court. No other available objection is apparent
to the Court. The fact, that the acknowledgment
was made by the surviving partner, or one partner
alone, could not legally exclude it. The evidence
was at least *relevant*, as conducing to prove the issue,
whether the acknowledgment was absolute, or in
terms of *belief* merely—Whether it, admitted only
that the work was done, or *that*, together with the
reasonableness of the prices. The question would
have been different, if presented, whether this evi-
dence alone was sufficient, or whether the defendant
would have been entitled to resist the force of this
acknowledgment by proof of fraud or mistake in ob-
taining it, or of any subsequent matter destroying the
justice of the demand; but no such questions appear
to have arisen in the case.

2. The second assignment is, that the Court re-
fused to permit parol evidence, to explain a supposed
ambiguity in the written acknowledgment.

On this, it is sufficient to say, there is no ambigui-
ty in the instrument, apparent on the face of it, nor
any intimation given of the nature of the supposed
defect, showing the object to have been, to disclose a
*latent* ambiguity : the latter, only, is by law suscepti-
ble of explanation by parol; and the character of this
instrument would scarely admit of such an ambiguity.

3. The last assignment, is, that the Court rejected
evidence of the language of Colly, upon the occasion
of the defendants' signing the acknowledgment.

On this point, the facts are, that the defendant proved Colley to have been a desperate man, and that at the time the acknowledment was obtained, he was in a great passion; also, that the defendant knew his character, and was a timid man; but the witness did not recollect the precise language used by Colley. The evidence rejected, was no other than the answer of the witness to the question, *whether the language of Colley was calculated to produce fear* in the mind of Johnson, and thereby induce him to sign the paper, not what the language was, from which the jury could have drawn their own inferences. The effect of this evidence would have been, to make the inferences or conclusions of the witness, evidence of a fact, for the government of a jury. Without further scrutiny into the legality of this evidence, this view of it alone, shows it to have been clearly inadmissible.

There was no error in the proceedings of the Court below, and the judgment must be affirmed.