CHARLES L. HARMON and HORATIO G. LOOMIS, appellants, *v.* WILLIAM T. THORNTON, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

Upon the overruling of a demurrer to a declaration, if the defendant pleads over, he thereby waives his demurrer, and all objections to the declaration.

A declaration against the assignors, upon an assigned promissory note, that sets out the making and endorsing of the note, and that the makers were insolvent when the note became due, is sufficient.

Where a cause is submitted to the Court below for trial, without the intervention of a jury, the decision of that Court, upon the weight and effect of the evidence, will not be reversed, unless it palpably appear that the character of the testimony was misconceived.

In an action against the assignors of a promissory note, the bill of exceptions, which purported to set out the evidence, did not state that the note was read in evidence ; but the clerk of the Court below certified, that the original note was among the papers on file in the cause : *Held*, that as the bill of exceptions did not state that all the evidence was contained in it, and as it did not appear that any objection was made in the Court below to the sufficiency of the evidence, on the ground of the non-production of the original note, an objection to the decision of the Court below, on this account, could not be sustained in the appellate Court.

The law is well settled, that if an objection, which is of such a nature that it might have been removed by further evidence, is not taken and not persisted in on the trial of the cause, it cannot be taken in the appellate Court.

In an action against the assignor of a promissory note, the record of a suit against

(1) 1 Bos. & Pul. 339 ; 2 T. R. 4 ; 8 Wend. 672 ; 5 Johns. 138 ; 2 Caines 90 ; 3 Johns. 532.

the makers, is admissible in evidence, to show diligence by the institution and prosecution of a suit against them.

Where both law and fact are submitted to the Court for trial, without the intervention of a jury, and a bill of exceptions is taken to the final judgment of the Court, the Supreme Court will presume, if the evidence contained in the bill of exceptions does not sustain the judgment, that other sufficient evidence was produced in the Court below, unless it is expressly stated in the bill, that all the evidence is contained therein.

THIS was an action of *assumpsit* instituted in the Municipal Court of the city of Chicago, by the appellee against the appellants, as assignors of the following promissory note:

" $ 2060$\frac{57}{100}$.                         *Chicago, August 23d,* 1836.

" Twelve months from date, we promise to pay to the order of Harmon & Loomis, two thousand and sixty $\frac{57}{100}$ dollars, at the Branch of the State Bank of Illinois in Chicago, for value received.
                                        " RAYNOR & DORWIN."

Upon the back of which note, there were the following endorsements:

                        " HARMON & LOOMIS."
                        " A. CLYBOURNE."

The cause was tried at the September term, 1838, before the Hon. Thomas Ford, without a jury.

It appears from the bill of exceptions taken on the trial of the cause in the Court below, that it was proved in evidence, by the records of the Court, that at the November term, 1837, of the Municipal Court of the city of Chicago, the appellee recovered a judgment on said note, for the sum of two thousand and ninety-one dollars and forty-seven cents, damages, and costs of suit, against Jacob Raynor impleaded with Philo Dorwin (service of process not being had on Dorwin) ; that on the 21st of December, 1837, there issued from said Court an execution in said cause, against said Raynor, and that said execution was returned March 22d, 1838, with the following endorsements thereon, to wit:

" Rec'd Jan. 10th, 1838, at 2 o'clock, P. M." " No property found in my bailiwick, whereon to levy this execution.
                                " JOHN SHRIGLEY, *High Constable,*
" *March 22d,* 1838.            by S. J. LOWE, *Dept. High. Const.*"

To the admission of which proof the appellants objected, which objection was overruled by the Court. It appeared, by the testimony of Hugh Henderson, that Philo Dorwin left Juliet, in Will county, the last of April, 1837 ; that he stated he was going to stop at Alton, in this State, but did not, as witness afterwards learned ; that a letter was received from him by witness, dated at some place in Kentucky, on or about the last of May, 1837, and that his family was then with him ; that on the last of July or first of Au-

gust, 1837, witness received another letter from Dorwin, dated somewhere in Ohio, where witness understood Dorwin still lived; that he left this State, — witness cannot say that he absconded; but before the first of August, 1837, in Will county all his estate had been attached for debts, and that it was insufficient to satisfy the debts appearing to be due from him; that said Dorwin had not been in this State since he left it in the spring of 1837, to the knowledge of witness, and that witness was counsel for said Dorwin, and had received three or four letters from him, on business, in Juliet, since his departure.

The defendants proved, by Jacob Raynor, that on the 3d of August, 1837, he owned, in the county of Will, two hundred and forty acres of land, for which he paid $ 15 per acre, and several lots in the town of Juliet; that he held, and still holds, a receipt from Messrs. Harmon & Loomis, for $ 1300, and also a bond for the conveyance of property to secure the payment of a note of $ 4000, which property is worth from $ 2000 to $ 4000, and all of which he now owns, except the two hundred and forty acres of land, which he sold in payment for a debt, in October, 1837; that he owed, on the 3d of August, 1837, $ 9000 or $ 10,000, besides bonds and mortgages to secure the purchase money of property purchased by him, one of $ 30,000, and one of $ 10,000, and that the $ 30,000 mortgage he had made arrangements to pay, by giving up the property in discharge of the bond and mortgage; that since July, 1837, he had paid executions to the amount of about $ 3000; that if he could sell his property for what he gave for it, he could pay his debts, and that he had offered, before the commencement of the suit against him and Dorwin, to the attorneys therein, to give property to satisfy the note of Thornton; and that after judgment was obtained against him by Thornton, he informed Thornton's attorneys that he had property in the town of Juliet, in Will county, but did not tell them what property it was.

James Grant, for the plaintiff, testified, that in August and January last, Jacob Raynor was not considered good; generally believed he had failed in business, but could not say he was insolvent.

Mr. Lowe, sworn on the part of the plaintiff, testified, that he called on Jacob Raynor for the money, with the execution offered in evidence in this case, and received for answer that he had none; and also that he had no property to turn out to pay the same, or any part thereof, within the city, and witness knew of none.

[It also appeared, from the return of the clerk to a writ of *certiorari* sued out in this case, that the original note was on file among the papers in the case in the Court below.]

Upon which testimony, the Court found the issue for the appellee, and rendered judgment thereon for $ 2192,75, to which the appellants excepted.

GILES SPRING, for the appellants.

J. YOUNG SCAMMON, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by Thornton, as assignee of a promissory note, against Harmon & Loomis, as assignors.

The declaration contains ten counts. The third count, after setting out the note and assignment by Harmon & Loomis to Thornton, avers, that when said note became due and payable, the makers were insolvent, and unable to pay said note, or any part thereof, and were, and still are, insolvent, and that the institution of a suit on said note, against the makers, would have been unavailing.

The defendants pleaded *non assumpsit* to the tenth count, and demurred to the first nine counts. The demurrer was sustained to the fifth, seventh, and ninth counts, and overruled as to the others; whereupon, on motion of the defendants, leave was given to plead to the counts sustained by the Court; and subsequently the defendants pleaded *non assumpsit* to all the counts in the declaration, except the counts decided by the Court to be insufficient. By agreement of the parties, the cause was tried by the Court, without a jury, and the issue was decided in favor of the plaintiff below.

On the trial of the cause, Thornton offered in evidence a record of the judgment and the execution and return thereon, in the case of Thornton against the makers of the note, to which evidence the defendants below objected, but the objection was overruled, and the record read in evidence.

Parol testimony was also given by both parties, as to the insolvency of the makers of the note at the time when it became due, which testimony is inserted in the bill of exceptions. But whether all the testimony given in the cause is inserted in the bill of exceptions, is not expressly stated.

The errors relied on are, in overruling the demurrer; in receiving in evidence the record in the case of Thornton against Raynor & Dorwin, the makers of the note; in giving judgment for the plaintiff below, on the evidence contained in the bill of exceptions; and that the declaration is insufficient. The defendants, by obtaining leave to plead after the overruling of the demurrer, have waived the demurrer. The overruling the demurrer cannot, therefore, be assigned for error. The record of the proceedings in the case of Thornton against Raynor & Dorwin, was admissible as evidence to show that due diligence, by the institution and prosecution of a suit, had been used by Thornton, to collect the amount of the note of the makers; but whether the diligence shown was sufficient to authorize a recovery, it is not necessary for this Court to decide. In the third count of the declaration, the plaintiff below avers, that when the note became due, the makers were insolvent, and unable to

pay said note, or any part thereof, and still are insolvent, and that the institution of a suit would have been unavailing ; — and we think the Court was well warranted in so finding the fact, and deciding the issue on that count, in favor of the plaintiff.

The evidence contained in the bill of exceptions, in relation to the insolvency of both of the makers of the note, is perhaps not perfectly conclusive on that point ; yet where the Circuit Court is substituted for a jury, on the trial of a cause, it must palpably appear that the Court below misconceived the character of the testimony, before this Court would reverse a decision of the Court below, upon the weight and effect of evidence produced before it.

It was urged on the argument, that it did not appear by the bill of exceptions, that the note was read as evidence on the trial.

It is a sufficient answer to this objection, that the bill of exceptions, which was taken by the defendants below, does not state that all the testimony given by the plaintiff, is contained in the bill. It also appears that the original note was among the papers in the suit, and was consequently before the judge on the trial. If the note was not formally read to the Court below, it was the duty of the defendants to have objected to the sufficiency of the evidence, upon the ground of the non-production of the original note. The law is well settled, that if the objection was not taken or persisted in upon the trial, it cannot be taken here, where the objection is of such a nature that it might have been removed by further evidence. (1) In relation to the last assignment of errors, it is sufficient to say, that the defendants by pleading over, after their demurrer was overruled, have waived all objections to the declaration. The third count, however, is clearly sufficient. It states distinctly that the makers of the note were insolvent when the note became due ; and the statute dispenses with the institution of a suit against the makers, where such a suit would be unavailing. Upon the whole, we are of opinion that judgment ought to be affirmed with costs.

*Judgment affirmed.*

*Note.* The decision of the various Courts in this country, in relation to the presumptions arising from a bill of exceptions, do not seem to be uniform.

In Virginia, Alabama, and in the Supreme Court of the United States, the rule seems to be that the Court will decide the case upon the bill of exceptions, and will not intend that there was other evidence in the Court below. The following decisions sustain this doctrine :

The Court will decide only on the evidence stated in the bill ; and every bill must be considered as presenting a distinct substantive case, which, if defective in any material point, cannot be supplied by any intendment of the Court. Dunlop *v.* Munroe, 7 Cranch 270.

In Virginia, if a bill of exceptions states a case imperfectly, the cause will be remanded for a new trial. Brooke *v.* Young, 3 Rand. 106 ; Hairston *v.* Cole, 1 Rand. 461 ; Thompson *v.* Cumming, 2 Leigh 322 ; Raines *v.* Phillips, 1 Leigh 483.

The Court will not presume facts which do not appear on the bill. Johnson *v.* Ballew, 2 Porter 29.

(1) Jackson *v.* Davis, 5 Cowen 127 ; Gillham *v* State Bank of Illinois, *Ante* 245, 248.

In Kentucky, Tennessee, and Indiana, a different rule seems to prevail, unless the bill of exceptions shows that it contains all the evidence:

If it does not appear in the bill of exceptions, that all the evidence submitted to the jury is stated therein, the Court of Errors will presume that there was evidence to justify the verdict of the jury. This presumption will not be made if the bill states that it contains all the material evidence. Trott *v.* West, Meigs 153, 169.

As a general rule, the Court will presume the evidence was sufficient to warrant the verdict, unless the party excepting shows that all the evidence is in the bill. Kingsley *v.* State Bank, 3 Yerger 107. But there is an exception to the rule, where a point of law is raised on the construction and effect of an instrument, and the Court are satisfied from the facts, that no other evidence was relied on. *Ibid.*

If exceptions be taken to the denial of a motion for a new trial, on the ground that the verdict was against evidence, the bill must show that all the evidence is contained therein. Lurton *v.* Carson, 2 Blackf. 464; S. P. Reno *v.* Crane, 2 Blackf. 218.

When the judge of an inferior Court adds to a bill of exceptions, in a writ of error *coram vobis,* that other objections to the notice, &c. were taken, without stating what they were, the Court of Appeals will presume they were sufficient to justify his judgment. Dorris, &c. *v.* Calow & Son, 2 Littell 371.

When it appears from the bill of exceptions, that other testimony was given beside that detailed, it will be presumed that the omitted evidence justified the decision of the inferior Court. Cravins *v.* Grant, 4 Monroe 126.

So if the bill of exceptions does not state the whole evidence. Frazier *v.* Harvie, 2 Littell 182.

If the bill of exceptions does not purport to contain the whole testimony, the Court of Appeals will not reverse a decision of the Court below, in refusing to grant a new trial on the ground that the verdict was contrary to evidence. Sanders *v.* Crawley, 2 J. J. Marsh 123; Norton, &c. *v.* Sanders, 1 Dana 14.

But it seems though a bill of exceptions does not purport to give the whole testimony, yet if it clearly shows that illegal or improper testimony was admitted as the foundation of the judgment, it manifests such error as requires revision. Rudd *v.* Thoms., 1 J. J. Marsh 300.

In relation to the liability of assignors of promissory notes, see APPENDIX, A.