MONTGOMERY and Another *v.* DOE on the demise of PEARSON.

A bill of exceptions, in noticing the evidence given at the trial, after stating the submission, &c., proceeded, "The plaintiff, to support the issue on his part, proved," &c., (setting out certain evidence). It then proceeded thus: "The defendant then read in evidence," &c., setting out certain other evidence. Immediately following were these words: "And the Court being sufficiently advised, take time," &c. *Held,* that the language did not show with sufficient certainty that the bill contained all the evidence given at the trial.

*Monday, June 6.*

ERROR to the *Pike* Circuit Court.

STUART, J.—Ejectment. Trial by the Court; finding for the plaintiff below; motion for a new trial overruled, and judgment on the finding.

The first question to be settled is, whether the bill of exceptions contains all the evidence. On this depends the further investigation of the case in this Court.

The bill, after stating the submission, &c., proceeds,

"the plaintiff to support the issue on his part, proved that," &c., setting out certain instruments of evidence, title, possession, &c. It then proceeds further, thus: "The defendants then read in evidence," &c., setting out a judgment, recognizance, sundry executions, a sheriff's deed, &c. Immediately following are these words: "and the Court not being sufficiently advised, take time until the next term, and day is given, &c."

Does this bill show with sufficient certainty that it contains all the evidence submitted to the Court on the trial? On the authority of *Reno* v. *Crane*, 2 Blackf. 217, and *Lurton* v. *Carson*, *id*. 464, we must conclude that it does not. There is nothing in the phraseology or the facts to support the inference that all the evidence is embraced in the bill. It is very similar to *Doe* v. *Hall*, 2 Ind. R. 24, and the ruling in that case must be regarded as conclusive in this.

In this view of the question, there is no other point judicially before us. The Court below is presumed to have had sufficient evidence to sustain the finding and judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the plaintiffs.

*G. G. Dunn*, for the defendant.