*181 THIS was an action of assumpsit, brought by Harvie, as endorsee, against Frazier, as the drawer of a bill oif exchange. The declaration alleges, that Frazier, on the l ith of September 1820, at Salem in Kentucky, made his bill of exchange,, addressed to the Cashier of the United States Branch Bank at ÑewOrleans, requesting him, one hundred and twenty days after date, to pay four hundred dollars to the order of Charles Daniel; that the bill was endorsed by Daniel to W. Stewart, and by Stewart to Harvie, and was, on the 12th of January ensuing its date, protested for non-payment, the drawee having no funds of Frazier's in his hands, of which Frazier had due notice. These matters are alleged in apt words and in proper form, and Frazier pleaded non assumpsit, on which issue was joined.
On the trial, two bills of exception were taken by Frazier. The first states that Harvie produced and offered to read a bill of exchange, with the endorsements thereon, and a protest for non-payment, which are transcribed in the exception; to the reading of which, Frazier, by his counsel, objected; but the court overruled the objection, and permitted the bill, with the endorsements thereon, and the protest for nonpayment, to be read in evidence.
The second bill of, exception states, that after Harvie had gone through his evidence, and he having proved no notice given to Frazier, of the non-acceptance or non-payment of the bill of exchange, Frazier moved the court to instruct the jury, that they must find for him ; but the court overruled the motion, and refused to give the instruction. Harvie obtained a verdict and judgment, to which Frazier prosecutes this writ of error with supersedeas, and by his assignment of error questions the correctness of the opinions of the circuit court, as stated in the hills of exception.
2. The bill of exception taken to the reading of the hill of exchange, with the endorsements thereon and the protest for non. payment, states no specific ground of objection, and we confess we can perceive none which is in our opinion tenable. The bill of exchange, with the endorsements thereon and the protest for non-payment, correspond, in every material respect, with those alleged in the declaration; and, of course, *182 there could be no pretence of objection to them, on the score of a variance between the allegations and the proof. Nor could evidence of their execution be rc. T'ired, to justify their being read ; for the protest being under the notarial seal; was- unquestionably admissibie, witliout any further authentication ; and as p>azier had not denied, on oath, the genuineness of the °* excI|a,,Se 01’ the endorsements thereon, they could not be required to be proved, under the statutory provisions of this state.-*-1 Dig. Stat. Laws, 99 and 257.
When a bill of exceptions to a decision not sYáteThat the c-vklence ür^biifof exceptions, was ail tiie* evidence court’ofappeals will presume that ^ of the inferior court, refusing to give to the jury the in structions asked, does other evidence and sufficient to justify the decision of the inferior court, was given.
There is, therefore, no error in the opinion of the circuit court, stated in the first b.ill of exception.
3. Nor do wc conceive that vve would be justified in pronouncing the opinion of the circuit court, as stated in the second bill of exception, to be erroneous, It is not pretended, that the whole evidence adduced Harvie, is exhibited in the record, and the circuit cour(; was asked to instruct the jury to find for Frazier, exclusively on the ground that he had not been notified of the protest of the bill of exchange. Now7, a^^)0US^ R is in general true, that in order to charge the drawer of a bill of exchange, it is necessary lie should have due notice of its dishonor, yet it is well settled, if lie has no funds in the hands ot the drawee, that he is not entitled to such notice; and, for any tiling that appears in this case, as the whole evidence is not exhibited, there might have been proof that Frazier had no funds in the hands of the drawee.
The judgment must he affirmed with costs and dam. ages.
Attorney-general Sharp prayed a re.ficaring, by the following petition :
The plaintiff in this case respectfully petitions the court for a re. hearing of iiis case. He is advised, the court has misconceived the law in the decision they have given. The declaration contains but one count, and that is a special count upon the bill of exchange, setting forth its execution by Frazier, the endorse, menta by which it was transferred to Harvie, the presentation of the bill for acceptance and payment, and protest, both for non-acceptance and non payment, and due notice of both non-acceptance and non-payment to Frazier, by which he became liable to pay the *183 contents of the bill, with damages, costs of protest, &c.' and being so liable, assumed upon himself, &c. Flea, non assumpsit, and issue. On this single count, Harvie produced in evidence the bill of exchange, endorsements thereon and protest; but introduced no evidence whatever, of any notice to Frazier, of the non-acceptance or non payment of the bill, as charged in the declaration. Upon this, Frazier moved the court to instruct the jury as in case of a nonsuit, which the court refused — (See second bill of exceptions.) in this, Frazier conceives the court below-erred. It is not denied, but what the drawer of a bill of exchange is liable, if he has no funds in the bands of thé drawee, without notice of the dishonor of his bill; hut it is contended, that to entitle the holder to recover in such a case, he must not charge the drawer upon the grounds of his having had due notice, but must state his cause of action as it really exists, and as he intends to prove it; otherwise, the defendant is taken wholly by surprize. In this case, it is presumed, he came prepared to controvert notice, as charged in -the -declaration; but, on the trial, the plaintiff abandons the ground of notice, and calls a witness to prove the drawer had no effects in the hands of the drawee; a question not before put in issue, and proof of which was not contemplated.
If any question arising upon the trial of a cause of this kind, admits of contrariety of proof, and requires the defendant to be fully and fairly apprized of the ground upon which he is to be made liable, it is that of his having no effects in the hands of the drawee ; for he is not confined to having effects in his hands, either at the date of the bill or when it falls due. If he drew with the expectation of having funds when the bill should fall due, having made consignments which had not arrived, or never might arrive, yet he is held to draw in good faith, and be entitled to notice; or, if at the time he draws, he had effects, and the balance, in the course of their dealings, should turn against him before the bill fell due, yet he is entitled to notice. Upon a ground, then, admitting of such latitude of evidence, should not the defendant at least be charged in the declaration upon the real cause on which he is to be made liable? Here the plaintiff charges the drawer to be liable upon due notice, and then, as the *184 court suppose, made out tha t liability — By proving he had such notic'e ? No; but by proving he was not entitled to notice.
That the proof must conform to the declaration on a bill of exchange, as to notice or no' effects in the hands of the drawee, see C bitty on Bills, page 530-40 and note 3, and page 552-3 and note 5, arid cases there cited. In no case, can I find the court has gone further than, on a general count for money had and received, tlie plaintiff may either prove notice or no effects, as tlie count is alike applicable to either ground of liability.
The doctrine, in this case, mightbe justly assimilated to the Case of a covenant to perform certain services, to entitle the party to his demand. If he is prevented in the performance by the act of the other party, he is, notwithstanding, entitled to the demand; but if he declares and avers a performance on his part, he will not be permitted, on the trial, to prove he would have performed, but was prevented. If that is the fact, he must so state, as he intends to prove it; and the court will not suffer him to wander, in his proof, from his count.
If this doctrine is correct, it follows, of course, that it must be immaterial' whether the bill of exceptions contains all the evidence that was given on the trial, or not. It shows that there was' a want of that evidence which was indispensable!» the right of recovery, in the state of the case then on trial. Although the plaintiff in the court below, by possibility, may have had a cause of action, if he had declared upon It; yet, as he had not set it forth in his declaration, it cannot be very well perceived, how it is possible he would have introduced such evidence, or that the court should have permitted him to do so. It is but just to conclude he did not give such evidence, and if he had, this court, it is believed, should have reversed the decision which permitted such testimony.
All which is respectfully submitted.
SHARP, P. q.
On considering which, the court gave the following opinion: