PETITION FOR A RE-HEARING.
The counsel for Clarke, respectfully ask of the court, a re-hearing of the cause.
In the opinion pronounced, it is conceded, that the circuit court should have instructed, as in case of a non-suit, when moved to do so by Clarke; but that this error was cured by the introduction of the proof, shewing that Clarke had no funds in the hands of Fisher. It is conceived, with much deference to the opinion of the court, that, in the state of pleading, upon which this cause was tried, the proof-alluded to could not have had the operation supposed.
The liability of the drawer of a hill of exchange, is secondary and conditioned; arising only in the event *72 of the drawee’s default, and the use of due diligence by the holder of the bill, in having it presented for acceptance or payment, and notifying the drawer of its dishonor. Yet, if the latter have no funds in the drawee’s hands, he is liable upon the bill, without notice. His liability .in the two cases, though the same in its result, is yet, different in the' mode, ift which it is made out. In the one, it is the legal consequence of the due presentment and dishonor of his bil!, and of notification thereof to him, in the time and mode prescribed by law. In the other, it results from his drawing the hill in bad faith, and with no expectation of its being honored.
Petition for a ^-hearing.
In this case, the liability charged, is of the first kind. Payment is demanded of Clarke, because, after the use of due diligence by Castleman, he had failed to get the money from Fisher, and because Clarke- had received due notice of it. These are substantially the averments in each count in the declaration, and the court suppose them to make out a good cause of action. There is not, in any one of the counts, either an averment or a suggestion, that Fisher had no funds of Clarke’s in his hands, The many counts usual in these cases, are wanting; and the plaintiff proceeds against the drawer, wholly upon the ground of the liability deduced as stated.
The issue upon which the cause was tried, was upon the plea of non-assumpsit. This put the plaintiff upon the proof of every material averment in his declaration, In this he has failed; and the court say, that, had the cause rested here, be should have been non-suited. But the defendant himself is unfortunate enough, to furnish the proof upon which he i charged. The court think the depositions introduced by him, shew that he had no funds in Fisher’s hands. Suppose it admitted. Does this fact make out Clarke’s liability as charged? Is the declaration better sustained by the proof than before? Is the averment of due diligence in Castlemaq, or of legal notice in Clarke, supported by theevidencc? Certeinly not. But it is said, that upon the case as now exhibited, Clarke had no right to notice. This conclusion, it is readily admitted, is correct, if the evidence, as the court supposes, satis» *73 fheforiíy establishes the want of effects in Fisher’s hai/ch. Still it is not perceived why if should avail Castlernan, as the pleadings existed. He supposed was incumbent upon him, to use due diligence, and give notice to Clarke, that the liability of the latter was consequent upon the performance of these duties, by him, and he has averred that performance. By so dbing he has deprived himself of the liberty he might have had, under a suitable allegation of shewing an excuse, for not giving notice. His pleading should have conformed to the fact. Clarke should not have been held to answer to a liability, made out in one mode in the declaration, and when be had succeeded in doing so, been made to fail, by proof, any way obtained of a fact, of which the plaintiff’s pleading gave himno notice, in no way connected with the liability stated, and indeed, wholly out of the issue.
Petition tor a re"^uar*n®‘
If the defendant had pleaded specially, that he had not received due notice, and the plaintiff had replied, that there were no effects in the drawee’s hands, it would, according to all rule, have been a departure and ill. The court would not have»permitted the plaintiff to have changed his ground.
If the plaintiff allege, that the bill was presented, and payment refused, he cannot support it by proof, that the maker could not be found when the bill was payable. 2 Phil. Ev. 19: Starkie Ev. part 4, page 254.
When notice is averred to have been actually given, it must be proved as laid; if in fact it lias not been given, the declaration should state the reason why it was not done. 6 Mass. Rep. 306; 2 Phil. Ev. 34 note.
If no demand is made of the maker, and a sufficient excuse exists, that "excuse and not an averment of due presentment, should be averred in the declaration. 5-Mass. Rep. 170.
This court, in Frazier vs. Harvie, 2 Litt. 180-5, fully recognize the principle here maintained. The declararon there presented the liability of Frazier, the drawer, upon both the grounds of due diligence and notice, and of want of effects in the drawee’s hands. The bill of exceptions stated, that Harvie *74 failed in proving notice as alleged; but the court refused to instruct the jury to find for defendant. Yet, because the bill of exceptions did not purport to contain all the evidence given, this court presuming that proof had been given, of the want of funds in the hands of the drawee, affirmed the judgment in favor of the plaintiff. Upon re-consideration, the court said, that if there had been no allegation of the want of effects, “it would have been indispensably necessary to have proved the notice of the protest “as laid.” And they adhered to- the opinion affirming the judgment, because they considered the declaration to contain the necessary averment. This case, then, establishes the rule, that, to enable a plaintiff to rely upon the want of funds, he must aver it.
Petition for a re-hearing.
Here there is no such allegation. Castleman, therefore, it is believed, could not have introduced testimony upon the subject. It was not proper for enquiry; and the reason is not perceived why, when the law, thus authoritatively pronounced by its highest expounders, forbids the party to introduce evidence of a fact not in issue, the court will permit that fact to avail a plaintiff who has frame,d his declaration wifhout a proper view of his case, and has utterly failed in the opinion of the court, in making out by proof, the cause of action set forth in it.
If these views are correct, the declaration was no better supported by proof, at the closing of the testimony, than when the non-suit was moved; for as the bill of exceptions gives all the evidence, the court can know, that, so far as regarded the proof of diligence and notice, it was insufficient to maintain the issue on the part of the. plaintiff, pnd that as regarded the matter of excuse, for the want of notice, it was irrelevant.
Hence it is conceived, that the error in refusing a non-suit, was not cured; and that the court erred in instructing the jury upon the whole case, to find for the plaintiff.
As to this last instruction, it is believed to have been erroneous, when tested by the case of M’Pherson vs. Hickman, 1 Monroe, 170. By the principles *75 there laid down, the court, in this case, had no right to give the instruction, that if the jury “believe the whole evidence on both sides, they must find for the plaintiff.”
The allegations in the declaration, did not permit the proof of no fund in, the hand» of drawee; the admission of such proof erroneous.
Judgment & mandate.
LOUGHBOROUGH.
Upon which the court delivered the following opinion.
In the opinion heretofore delivered in this case, the varience between the-proof upon which the judgment of the circuit court was sustained, and the allegations of the declaration escaped the attention of the court. The proof shewed that there was no funds of the drawer in the hands of the drawee. There is no averment'in the declaration, which properly admits the evidence on this point. Whether the drawee had funds or not, was not in issue; and therefore, the defendant might well- allege surprise by the admission of testimony, as to a point not in issue, when such testimony is made the basis, on which to support the verdict and judgment against-him. The verdict and judgment ase not defensible, unless they can be aided by the proof, that the drawee had no funds. We are. now of opinion, they cannot be so aided. The case of Frazier vs. Harvie, 2 Littell, 185, is in point, and shews that evidence ought not to be received, proving a want, of funds in the hands of the drawee, unless it be so. averred in the declaration. i
The judgment of the circuit court,, must, therefore, he reversed, and the cause remanded, with directions that the plaintiff have leave to amend his declaration, so that new proceedings may be had, not inconsistent. • with this opinion.
The plaintiff in error must recover, his costs.