[No. 3913.]

FINCHER v. THE PEOPLE.

1. EVIDENCE—CONFESSIONS—ADMISSIBILITY—BURGLARY.

Where one charged with burglarizing an ore house on a certain mining claim confessed to having burglarized an ore house without stating what particular ore house was entered, but stated that his accomplice said it was on a different claim than the one he was charged with entering, and the accomplice testified that they had never committed but the one burglary together and that it was of the house charged, and the confession, taken in connection with other evidence would support the inference that it referred to the burglary charged, it was admissible in evidence, it being for the jury to determine whether it referred to the burglary for which he was being tried.

2. EVIDENCE—CONFESSIONS—PRACTICE.

The question as to whether or not a confession was voluntary so as to qualify it for admission as evidence is entirely within the province of the court to determine; and when he has determined that ques-

tion upon conflicting evidence, and the evidence supports his con-
clusion, it will not be disturbed on appeal.

3. SAME.

Where a motion to exclude a confession, on the ground that it was not
voluntary, was made and overruled, and afterwards further evi-
dence material to the question as to whether or not it was voluntary
was heard, but the defendant did not renew his motion to exclude
the confession, even if the additional evidence was sufficient to ex-
clude it, he cannot base error upon a failure to do so.

4. INSTRUCTIONS—EVIDENCE—CONFESSIONS.

An instruction that tells a jury that a confession may be entitled to
great weight at their hands is a comment upon the weight of evi-
dence, and the error is not cured by the general instruction that
the jury are the exclusive judges of the weight and sufficiency of
the evidence and the credibility of the witnesses.

### *Error to the District Court of El Paso County.*

PLAINTIFF in error was charged with the crime of burglary,
and convicted and sentenced to a term in the penitentiary.
The building which he was charged with having entered, and
from which ore was claimed to have been stolen by him, was
situate on the Orizaba Mining Claim No. 1. An accomplice
testified on the part of the people, that plaintiff in error par-
ticipated in the commission of the crime, and entered some-
what fully into the details, including the previous arrange-
ments made between them. Another witness on the part of
the prosecution stated that plaintiff in error, after the arrest
for the offense, made a voluntary statement with reference to
the burglary, which was reduced to writing, and signed and
sworn to by the accused. Plaintiff in error objected to the
introduction of this statement, for the reason that it referred
to a different transaction from that mentioned in the infor-
mation, which objection was overruled. This statement pur-
ports to give, in detail, the conversation between himself and
accomplice in arranging to commit the crime. The latter
was known as "Shorty." In this statement the accused is
credited with having said, "We went around on the railroad
to the trail in Squaw Gulch. Shorty called the mine the
'Jackson,' and said his uncle worked there." He also states

what occurred after they entered the building, and what disposition was made of the ore stolen. The accomplice, on being recalled, stated that the only burglary which the defendant and he committed together was that on the Orizaba, and that the building they burglarized was on that ground; that he never stated it was the Jackson ore house, but that the defendant did, to him.

Plaintiff in error, in his own behalf, testified to having signed a statement purporting to be a confession, and stated that he was told by the person who assisted in arresting him, that unless he did make a statement, he would go to the penitentiary for a number of years; that he refused to sign the statement reduced to writing by this person, and was told by him again, that unless he did, it would go hard with him; that he finally did sign it, but did not know its contents. He also stated that prior to the time when the statement was handed to him for signature, this person told him that the only thing he could do to save himself was to make the confession. After this evidence, the defendant moved to have the confession withdrawn from the consideration of the jury, which was overruled. Later, there was evidence introduced which was material, on the question of the voluntariness of this confession, but the motion to withdraw it from the consideration of the jury was not again renewed.

The court, *inter alia*, instructed the jury as follows: "13. The court instructs you that there has been introduced into this case an alleged confession of the defendant. Upon that point the court instructs you that if the jury believe from the evidence that the confession alleged to have been made by the defendant was so made, and that it was the spontaneous and voluntary act of the defendant, and that it referred to the commission of the crime charged against the defendant, in the information; and if the jury further believe from the evidence that such confession has been corroborated by satisfactory proof, that the property or any portion thereof, described in the information, has been stolen, and that the defendant was so situated that he had an opportunity to com-

mit the crime, then such confession may be entitled to great weight in your hands. * * * "

In another instruction they were instructed that "the jury are the sole judges of the weight and sufficiency of the testimony and credibility of the witnesses; * * * "

Messrs. ORR & McKESSON, for plaintiff in error.

The Attorney General and Mr. CALVIN E. REED, for the People.

MR. JUSTICE GABBERT delivered the opinion of the court.

Upon the record before us, counsel for plaintiff in error assign the following errors: (1) That the court erred in admitting the alleged confession, for the reason that it did not relate to the offense charged in the information; (2) that the evidence establishes that it was not voluntary; and (3) that the court erred in instructing the jury relative to its weight as evidence.

1. The charge against plaintiff in error was for the burglary of the ore house on the Orizaba mine. At the time it was claimed he made this confession, he was under arrest for this offense. He does not pretend to say in this statement what particular ore house was entered from which the ore was stolen, or that it was the one situated on the Jackson mine, but that his accomplice said it was. He states what he and the one who assisted him did, in stealing the ore, and other details connected with the commission of the offense. His accomplice states that the only time he and plaintiff in error were engaged jointly in the commission of a crime was the one in question, so that, although the statement made does not distinctly state that it was the ore house on the Orizaba which he assisted in burglarizing, the evidence, as a whole, fully supports the inference that it was, or, at least, it was sufficient, when considered in connection with other evidence, to render it admissible, it being for the jury to determine whether

or not it referred to the transaction for which he was being tried.

2. The written confession purported to be voluntary. The person who reduced it to writing testified that no promises were made the defendant, or threats used, to induce him to make the statements it contained, or sign it. At this point in the proceedings, it was offered on the part of the prosecution, the only objection interposed by defendant to its reception being, that it related to an offense other than the one charged in the information. At the conclusion of the evidence for the people, the defendant testified to the circumstances under which the confession was obtained, and to promises and threats made to induce him to make and sign it. His counsel then moved that it be withdrawn from the consideration of the jury, which was refused. It was the province of the court alone to determine whether the confession was made with that degree of freedom which would render it admissible as evidence (6 Ency. of Law [2d ed.], 554; 1 Greenleaf on Evidence, § 219), the usual practice being to determine its admissibility as a preliminary question, by hearing all the evidence touching the subject of its being voluntary. This rule rests upon the proposition that the competency of evidence is a legal question, which must be determined by the court, and its credibility by the jury. *Ellis v. State*, 65 Miss. 44; *Simmons v. State*, 61 Miss. 248; *Williams v. State*, 72 Miss. 117.

Greenleaf on Evidence, *supra*, in treating of the subject of confessions, says: " * * * The material inquiry, therefore, is, whether the confession has been obtained by the influence of hope or fear applied by a third person to the prisoner's mind. The evidence to this point, being in its nature preliminary, is addressed to the judge, who admits the proof of the confession to the jury, or rejects it, as he may or may not find it to have been drawn from the prisoner, by the application of these motives. This matter resting wholly in the discretion of the judge, upon all the circumstances of the case, it is difficult to lay down particular rules *a priori*, for the government

of that discretion. The rule of law, applicable to all cases, only demands that the confession shall have been made voluntarily, without the appliance of hope or fear by any other person, and whether it was so made, or not, is for him to determine, upon consideration of the age, situation, and character of the prisoner, and the circumstances under which it was made."

The trial judge, on a conflict in the evidence, regarding the voluntary character of the statement purporting to be the confession of the defendant, resolved the question in favor of the people, and its admission under such circumstances, being, to some extent, in the discretion of the court, his action in this respect cannot be disturbed when the evidence, as it does in this case, at the time when the motion to withdraw it was interposed, supports the conclusion that the confession was a voluntary one. *State v. Staley*, 14 Minn. 105. After the ruling on the motion there was some further testimony which was material on the question of the voluntariness of this statement, but counsel did not then interpose any further motion to exclude it, and even if it could be said that the additional evidence was of such a character as to render the confession incompetent, in the absence of any effort on the part of the accused to exclude it, no error can be predicated upon such failure, for it is only errors to which the attention of the trial court was called in an appropriate way, which can be considered on review.

3. The next question urged by counsel for plaintiff in error is, that it was error for the court to instruct the jury that if they found certain facts to exist with respect to the confession, that it was entitled to great weight at their hands. The attorney general, in answer to this proposition, urges that the bill of exceptions does not purport to contain all the instructions, and, therefore, those it does, cannot be reviewed. No particular form of words is indispensable to indicate that all the instructions are included in a bill of exceptions. It is sufficient if it appears from those employed, in connection with the record as a whole, that it does. Gauged by these

considerations, it is apparent that the bill of exceptions contains all of the instructions given by the trial judge. The real question presented in the one now being considered is, whether or not the trial judge, by the instruction complained of, has invaded the province of the jury by expressing an opinion as to the weight of the evidence to which reference is made in this instruction, for the legitimate powers of court and jury are marked and well defined—the duty of the former being to declare the law, and that of the latter to determine the facts, without the influence of an opinion from the presiding judge, either expressedly or impliedly, on the credibility of witnesses, or the weight to be given the testimony, or any phase or element of it. 11 Ency. Pl. & Pr. 97, *et seq.* The court instructed the jury, that if they found certain facts to be true, with respect to the confession claimed to have been made by the defendant, that " then such confession may be entitled to great weight in your hands." Was this any expression of an opinion as to the weight which they should give this confession, or that under certain circumstances great weight should be attached to it? The fact that the word " may " was used, in designating the weight which it might receive at their hands, cannot qualify its features with respect to an expression of an opinion upon matters of fact, if it contains such an expression, because any intimation of this character falls within the inhibition governing trial courts upon this subject; and besides, any distinction which could be made between " may " and some other word, more imperative, which might have been employed in this connection, would be shadowy, and one which a jury would not make in considering an instruction of this character, and especially is this true when it is borne in mind how readily juries, as a general rule, adopt the view or opinion of the judge upon any matter before them, because of his admitted superior qualifications to deal with legal questions, or an inclination upon their part to shirk their responsibility by adopting such views. A confession, when voluntarily and deliberately made, and clearly proven, is entitled to the highest credit (6 Ency. Law

[2d ed.], 579; 1 Greenleaf on Ev. § 215); but this follows, not as a principle or authoritative rule of law, applicable to evidence of this character, but, rather, because such conditions are naturally persuasive that confessions so made are true.  6 Ency. Law (2d ed.), 579, *n.* 4; *Morrison v. State,* 41 Tex. 516.

An opinion by the trial judge, on a matter of fact, is expressed when the jury are given to understand, from such opinion, what his estimate is of the truth or falsity of some matter in evidence (*Norris v. Clinkscales,* 47 S. C. 488); and when the trial judge stated to the jury that, under certain conditions, the confession may be entitled to great weight, they were thereby led to understand that, if the facts to which he referred in connection with this confession were established, that then its statements were probably true.  He had admitted this confession upon the ground that it was voluntary, and the instruction, in effect, indicated to them that it was entitled to great weight, as evidence in the case.  There could be no serious objection to this course, if, as a matter of law, it could be presumed that a spontaneous and voluntary confession was true, but no such presumption attaches.  On the contrary, an uncorroborated, extrajudicial confession is insufficient to convict, and is received with caution, because the prisoner making it, oppressed by the calamity of his situation, may be influenced by hope or fear to state a falsehood; but this proposition involves a mere matter of fact, of an argumentative character (*Commonwealth v. Galligan,* 113 Mass. 202); and therefore, the truth or falsity of the confession, or the weight which should be given it, were all questions peculiarly within the province of the jury to determine, the same as any other evidence in the case (*Blackburn v. Commonwealth,* 12 Ky. 181; *Commonwealth v. Sanborn,* 116 Mass. 61; *State v. Gleim,* 17 Mont. 17; *Morrison v. State, supra; Murphy v. People,* 63 N. Y. 590; 6 Ency. of Law [2d ed.], 580); or, in other words, the jury must exercise the same freedom of action, with reference to confessions which is their prerogative in regard to other testimony (*Ellis v. State, supra;*

*Brister v. State,* 26 Ala. 107; *Commonwealth v. Knapp,* 10 Pick. 477; *State v. Smith,* 9 Houston [Del.], 588); or, generally speaking, on the subject of evidence, without respect to any particular class, the trial judge should always abstain from in any manner indicating an opinion on its weight, unless of that character which the law deems conclusive (*Frame v. Badger,* 79 Ill. 441); and that with this exception, the jury are the exclusive arbiters of its weight and credibility. *Jenkins v. Tobin,* 31 Ark. 306; *Wannack v. Mayor, etc.,* 53 Ga. 162; *Redd v. State,* 69 Ala. 255; *Shepherd v. State,* 31 Neb. 389; *State v. Hundley,* 46 Mo. 414; *Williams v. Dickinson,* 28 Fla. 90.

It is urged on the part of the people that the subsequent instruction, wherein the court stated, " The jury are the sole judges of the weight and sufficiency of the testimony," cured the error complained of. To this proposition we cannot assent. The prime object in prohibiting the judge from intruding his views on the weight of the evidence upon the jury is to leave them free to consider it, uninfluenced by any expression from him, regarding its credibility, and after an expression of this character, it cannot be presumed that a general charge, in another instruction, that they are the judges of the weight of the testimony, will efface from their minds the effect which the law presumes results from an indication by him of the weight which should attach to any particular portion of the evidence, or some phase of it.

For the error in the instruction noted, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

CAMPBELL, C. J., dissents from the judgment of reversal, for the reason that he does not concur in the views expressed on the instruction relating to confessions.