MILLER v. CARR.

Opinion delivered February 28, 1910.

1. WILLS—CONTEST—BURDEN OF PROOF.—In a will contest the burden is upon the contestant to prove that the will was obtained by undue influence.  (Page 178.)

2. SAME—UNDUE INFLUENCE.—The undue influence that will avoid a will must be directly connected with its execution, and must be its procuring cause.  (Page 178.)

Appeal from Pulaski Circuit Court, Second Division; *James H. Stevenson,* Judge; reversed.

*J. W. Blackwood* and *Riddick & Dobyns,* for appellant.

1. During the time preceding the execution of the will, there is no influence on the part of the proponent over the testatrix shown, except that influence which would naturally arise from the affectionate relationship between a mother and son, which is not unlawful. 13 Ark. 475; 19 Ark. 551, 49 Ark. 371.

To establish fraud or undue influence in the making of a will, the evidence must show the fact of deception practiced, and that such fraud or undue influence was effectual to destroy the testator's free agency and produce the will. 99 Mass. 121; 49 Ark. 371.

*W. H. Pemberton,* for appellees.

There is ample evidence to sustain the verdict on the question of undue influence. This court will not interfere with the

verdict of a jury where there is evidence to support it. 25 Ark. 474; 31 Ark. 163; 22 Ark. 213; 23 Ark. 131; 40 Ark. 168; 46 Ark. 411; 51 Ark. 567; 67 Ark. 399; 74 Ark. 478; 76 Ark. 115.

BATTLE, J. Minnie Miller died, leaving a last will and testament, and thereby bequeathed to each of her children, except W. F. Miller, ten dollars, and bequeathed and devised to him, W. F. Miller, the remainder of her property, and appointed him executor of the same. Minnie Carr, Amanda Chittenden and Henry J. Miller, her children, contest the validity of the will on the ground that W. F. Miller procured it by the exercise of undue influence over her.

The only witnesses present at the execution of the will were W. F. Miller and Gus Fulk. Miller testified that he and testatrix were witnesses in a trial before a justice of the peace, on the day the will was executed; that, after the trial, his mother, the testatrix, said to him that she wanted to make a will, and said: "Let's go now, and get Mr. Fulk to make a will," and they went to the office of Gus Fulk, he being a lawyer, and she told him that she wanted him to write her will and how she wanted it written—how she wanted to dispose of her property, and he drew the will as she directed, and she signed the same and caused it to be attested, and she took the will home with her and put it in her box and kept it in her exclusive possession for some time. He, witness, did not know that it was the intention of his mother to make a will until she suggested it as before stated, and made no suggestion as to how it should be made.

Gus Fulk testified: "I know W. F. Miller, and knew Mrs. Miller. I drew a will for her. She came in with her son, and requested me to draw her will. I did so at once, witnessed it, and asked the stenographer to do the same. I wrote it just as she told it. She signed it. Her son did not say anything at all about how she was to make it, or make any suggestions to her. She paid for it."

Much evidence was adduced in the trial in the case that tended to prove that W. F. Miller, the contestee had considerable influence over his mother, the testatrix, and that he often exercised it, but none to prove that he exercised it in the procurement of the will.

The jury in the case returned a verdict in favor of the contestants and against the will, and judgment was rendered declaring accordingly; and contestee appealed.

The burden was upon the contestants to prove that the will was procured by undue influence. *Guthrie* v. *Price,* 23 Ark. 396; *Jenkins* v. *Tobin,* 31 Ark. 306, 309; *Smith* v. *Boswell,* 93 Ark. 66. It was necessary for them to show that the will was procured by undue influence, that is to say, the undue influence that will avoid a will must be directly connected with its execution, must be the procuring cause. *McCulloch* v. *Campbell,* 49 Ark. 367; *Smith* v. *Boswell,* 93 Ark. 66. We fail to find any evidence to that effect in this case. The verdict was without evidence to sustain it.

Reverse and remand for a new trial.