## No. 9077.

### PEARSON *v.* THE PEOPLE.

#### Decided November 5, 1917.

Under an information charging homicide, plaintiff was convicted of murder in the first degree.

*Affirmed.*

1. APPEAL AND ERROR—*Harmless Error.* Evidence of the killing of another person than the one charged in the information, is not prejudicial where it tends to show that such other person was not killed by defendant but by his companion.

2. CRIMINAL LAW—*Confession.* Upon the issue of whether a statement or confession made by one charged with a criminal act, is voluntary or involuntary, the finding of the trial court will not be disturbed where it is fully supported by the evidence.

3. EVIDENCE—*Res Gestae.* Evidence of the circumstances surrounding the arrest of one charged with a criminal act is admissible as a part of the *res gestae.*

4. INSTRUCTIONS. An instruction not justified by the evidence is properly refused.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. THOMAS Y. BRADSHAW, Mr. JAMES H. BREWSTER, for plaintiff in error.

Mr. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH, Assistant, for The People.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was convicted of murder in the first degree and brings error. He was charged jointly with one Burns with the murder of one Roach, a sheriff of Wyoming, who had followed Pearson and Burns into this state whither they had brought some horses stolen by them in Wyoming. On motion of the district attorney the cause was dismissed as to Burns.

The first error assigned is in the admission of evidence relative to the killing of one Nielsen, with which plaintiff in error was not charged. It appears that Roach and Nielsen, with others, were spending the night on a ranch near which it was reported that two men with the stolen horses had been on the preceding day. In the night Roach left the bunkhouse where he had been staying, and in a few moments several shots were heard. When the other members of the party went out they found Roach and Nielsen dead from gunshot wounds. In testifying as to a post-mortem on Roach, two physicians testified also as to a post-mortem on Nielsen, stating the size of the bullets found in each case, with some description of the wounds. The bullet taken from Roach's body, a .44, and that taken from Nielsen's body, a .38, were introduced in evidence. When plaintiff in error was arrested, he had in his possession a revolver of .44 caliber. He testified that he handed to Burns a revolver of .38 caliber which he took from Nielsen before the shooting began.

On this state of the evidence it cannot be said that the testimony relative to the bullet taken from Nielsen's body was prejudicial to the plaintiff in error, since it tended to show that Nielsen was shot by Burns, and not by the defendant. Plaintiff in error testified that Burns killed Nielsen, and the mention of the bullet by the physician, and its introduction in evidence, were, therefore, not matters of which he can properly complain, even if they were not, as is contended, a part of the *res gestae.*

The principal error argued is that a statement, or confession, made by the plaintiff in error while in jail was admitted in evidence. It is contended that it was not voluntary, although it contains a recital that it was made freely. The trial court, having heard testimony as to the circumstances under which it was made found that it was voluntary. We ought not, therefore, to disturb his finding, which is fully supported by the evidence. *Fincher v. People*, 26 Colo. 169, 56 Pac. 902.

It is also urged that the court erred in admitting evidence of the circumstances surrounding the arrest of plaintiff in error, the taking of arms from him, etc. This was a part of the *res gestae*, and admissible as such. *State v. Phillips*, 118 Iowa 660, 92 N. W. 876.

It is further contended that the court erred in refusing a requested instruction that the deceased, an officer of Wyoming, was not an officer in this state, and so entitled to the special protection of the law; and that if the jury found that Roach was killed while attempting to arrest the defendant, the identity of deceased and purpose being unknown to defendant and the killing was not in malice but in resisting arrest, then the killing would be manslaughter.

The instruction was properly refused, because the evidence did not justify the giving of it. Plaintiff in error testified that he found Nielsen in the barn, took his gun from him, and turned him over to the care of Burns; that they then started up the road; that, after going a few steps, he saw a form in the darkness, and called out "Throw up your hands." A voice replied: "Who is it?" He again said: "Throw up your hands," and the reply was: "Wait a minute, I will lay this rifle down here"; that Burns then ordered the unknown to throw up his hands, and a shot was fired by the deceased, to which plaintiff in error replied with three shots, and then Burns commenced firing. This does not show that Roach was killed by the defendant while resisting arrest. The defendant was the aggressor, and without provocation twice ordered Roach to hold up his hands. Such an order justified an inference by Roach that

his assailant intended to rob him, and, if he fired at the defendant, as the latter asserts, he did only what he had the right to do if he supposed himself in serious danger. The defendant, having begun the affray, cannot claim the right to kill his antagonist because the latter resisted an illegal command to the extent to which defendant testified. The defendant, a moment previously, had robbed Nielsen of his gun and taken him in charge, and was then in possession of stolen horses, and attempting to escape from a known pursuit. With gun in hand he started from the barn, and when he was accosted by Roach, he attempted first to capture the unknown as he had done Nielsen and so prevent arrest. That plan failing, he shot to kill.

The jury was justified in concluding from these facts— and the further fact that Roach was shot in the back of the head—that the defendant had determined to make his escape, though it were necessary in doing so to kill anyone who might be likely to interfere with such plan. This conclusion is not based in the slightest degree on the official character of the deceased. It applies to any citizen, and hence there was presented no question which justified the requested instruction.

We find no error in the record, and the judgment is affirmed. It is further ordered that said judgment be executed during the week beginning February twenty-fourth, Nineteen Hundred Eighteen.

Mr. Justice Allen not participating.