## No. 15,154.

DIAZ *v.* THE PEOPLE.

(126 P. [2d] 498)

Decided May 25, 1942.

Messrs. Redmond & Drefke, for plaintiff in error.

No appearance for the people.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Plaintiff in error and his brother Tony were charged jointly in an information, as principal and accessory re-

spectively, with burglary allegedly accomplished by the forcible breaking and entering of a dwelling house with the intent of committing the crime of rape on the person of a sixteen year old girl therein residing. At the time of the alleged commission of such offense plaintiff in error was seventeen years of age and Tony was sixteen. Upon a joint trial by jury Tony was acquitted, but plaintiff in error, hereinafter called the defendant, was found guilty as charged and sentenced to the state reformatory for an indefinite term. Seeking a reversal of the judgment of conviction, counsel for defendant specify and argue: That the court erred in denying defendant's motion for a separate trial; in giving Instructions Nos. 11 and 12; and in overruling defendant's motion for a directed verdict of acquittal. Corollarially, it is further contended that the verdict was contrary to the law and the evidence. The matter stands here on defendant's application for supersedeas. The Attorney General has not filed a brief in opposition thereto within the period fixed by law, nor has he applied for an extension of time to do so. Since in our opinion the judgment of conviction must be reversed, we have elected to so dispose of the matter on the application for supersedeas.

By Instruction No. 12 the court informed the jury that: "A voluntary confession of a rational person admitting the commission, or participation in the commission, of a crime is presumed to be true in so far as it relates to the person making the said confession." This instruction was erroneous. It is well established that "an instruction that the law presumes that what accused said against himself was true because said against himself, is improper." 23 C. J. S., p. 798, §1233. See, also, 16 C. J., p. 1003, §2422. Whether a confession is true or false is always a question for the jury. Abbott Criminal Trial Practice (4th ed.), p. 1094, §581; 20 Am. Jur., p. 1080, §1227. It is not the province of the court to instruct the jury that the admissions of a defendant

in a criminal case are entitled to great weight. 14 R. C. L., p. 742, §14; Wharton's Criminal Evidence (11th ed.), vol. 2, p. 1080, §644. Consistently, in *Fincher v. People*, 26 Colo. 169, 56 Pac. 902, we held that an instruction which advised the jury that if they found certain facts to be true with respect to the confession claimed to have been made by the defendant, that "then such confession may be entitled to great weight in your hands," amounted to comment by the court upon the weight of the evidence and, hence, constituted reversible error. Obviously in conclusive effect such charge did not approach that proclaimed by the instruction herein under consideration. In *Ausmus and Moon v. People*, 47 Colo. 167, 107 Pac. 204, an instruction, that when a conspiracy is shown beyond a reasonable doubt to exist, the acts and statements of one of the conspirators in furtherance of the conspiracy and during its existence are admissible against the other conspirator, and if against interest "are presumed in law to be true by reason thereof" standing by itself was held to be erroneous as invading the province of the jury. Therein, however, the fatality of the error was purged by other instructions in which the true rule was clearly stated. In the proceeding at bar no such saving factor appears. The general instruction given, that the jury are the sole judges of the weight of the evidence and the credibility of the witnesses did not cure the error resulting from the giving of Instruction No. 12. *Fincher v. People, supra*. The instruction under consideration was further objectionable in that from its language the jury well could have inferred that the admission of the confession in evidence by the court bound them as to the question of its voluntariness. The ruling of the court on the preliminary issue as to whether a confession offered in evidence is voluntary, is not conclusive on the jury, and they properly may consider the circumstances surrounding the making of the alleged confession as bearing upon its voluntary character and the weight to which it is

entitled. Wharton's Criminal Evidence, supra, p. 1080; Abbott Criminal Trial Practice, supra, p. 1094, §581. This principle has particular application in cases involving the alleged confession of an infant defendant. *State v. Aaron,* 4 N. J. L. 231, 7 Am. Dec. 592.

That the error committed in the giving of Instruction No. 12 was highly prejudicial to defendant appears from the fact that except for his alleged confession there was no evidence whatsoever either identifying him as the person who pushed in two small panes of glass in the girl's bedroom or connecting him in any manner with the offense charged.

By reason of Tony's acquittal questions relating to the denial of defendant's motion for separate trial and the giving of Instruction No. 11 on the subject of the equal guilt of confederates to a crime, will not arise again in this cause and need not be considered. In view of the reversal and the contingencies following, no good purpose would be served by a further discussion of the evidence or the remaining points specified for review.

■ It appears from the record that bail for defendant was fixed at $500 at the time of his arrest in July 1941, but that by reason of his inability to provide the same, he has been incarcerated in the county jail since. Reciting this and other unusual circumstances attendant, he requested in his application for supersedeas that pending this review, he be released upon a bond in a lesser penalty. Since the judgment of conviction is reversed on the application for supersedeas, and the cause remanded, consideration relating to defendant's custody until new trial, if such is had, must repose in the discretion of the district court.

**The** judgment is reversed and the cause remanded.